The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

ANNDRIA ANDERSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SEQUOYAH ELECTRIC, LLC, a Washington limited liability company,

Defendant.

NO. 2:25-cv-02420-JHC

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

Plaintiff Anndria Anderson ("Plaintiff"), by their undersigned counsel, for their class action complaint against Defendant Sequoyah Electric, LLC ("Defendant") hereby timely files this First Amended Complaint as a matter of right pursuant to FRCP 15(a) in response to Defendant's Motion to Dismiss under FRCP 12(b)(6), and alleges as follows:

/ / /

/ / /

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in a systematic scheme of wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff, and the Class and Seattle subclass members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant does business in the State of Washington. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2 Subject Matter Jurisdiction. Plaintiff denies that the Western District Court for the Eastern District of Washington has subject matter jurisdiction over this putative wage and hour class action. Regardless, the Court presently at least has jurisdiction to determine *whether* it has jurisdiction based on Defendant's removal to federal court and considering this amended complaint. Plaintiff and the Plaintiff class also intend to seek remand to state court

2.3 Venue. Venue was proper in King County because Defendant operates and transacts business in King County. RCW 4.12.025(1), (3). Following Defendant's removal, venue is now proper in the Western District of Washington at Seattle, because this case was



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

properly filed in King County and Defendant removed it therefrom under 28 U.S.C. §§ 1331, 1446, and 1367(a), until this case is remanded to state court..

2.4 Governing Law. The claims asserted on behalf of Plaintiff, and the Class and Seattle subclass members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiff. Plaintiff Anndria Anderson is a resident of King County. Defendant hired Plaintiff Anderson as an hourly-paid or non-exempt employee as a Sound & Communication Electrical Apprentice in the Seattle area and beyond from April 6, 2021 to November 8, 2024.

3.2 Defendant. Defendant is a Washington limited liability company with its principal place of business in Redmond, Washington. Defendant operates several different jobsites across Washington state that employ hourly, non-exempt employees.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Washington Civil Rule 23 or Federal Rule of Civil Procedure 23 (depending on which Court retains subject matter jurisdiction), Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from November 6, 2022 to final disposition of this action.

4.2 Seattle Subclass Definition. Pursuant to Federal Civil Rule 23, Plaintiff brings this case as a class action on behalf of a subclass defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington who worked in the City of Seattle at any time from November 6, 2022 to final disposition of this action.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Excluded from the Class and Seattle subclass are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.3 Numerosity. More than 40 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period, beginning from November 6, 2022 to final disposition of this action.

4.4 Commonality. There are numerous questions of law and fact common to Plaintiff, and the Class and Seattle subclass members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked;

b. Whether Defendant has engaged in a common course of failing to pay the Class and Seattle subclass members all of the overtime wages to which they are entitled;

c. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members.

d. Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff, and the Class and Seattle subclass members to incur employer expenses and failing to reimburse them.

e. Whether Defendant has engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members all the wages to which they are entitled;

f. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff, and the Class and Seattle subclass members;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

g. Whether Defendant failed to furnish itemized pay statements to Plaintiff, and the Class and Seattle subclass members;

h. Whether Defendant willfully deprived Plaintiff, and the Class and Seattle subclass members of the wages to which they were entitled;

i. Whether Defendant has violated RCW 49.46.130;

j. Whether Defendant has violated RCW 49.46.090;

k. Whether Defendant has violated RCW 49.46.210;

l. Whether Defendant has violated WAC 296-126-025;

m. Whether Defendant has violated WAC 296-126-028;

n. Whether Defendant has violated RCW 49.52.060;

o. Whether Defendant has violated WAC 296-128-620;

p. Whether Defendant has violated RCW 49.52.050;

q. Whether Defendant has violated SMC 14.20.20; and

r. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.5 Typicality. Plaintiff's claims are typical of the claims of the members of the Class and Seattle subclass because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class and Seattle Subclass, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.6 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class and Seattle subclass. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and Seattle subclass and have the financial resources to do so. Neither Plaintiff nor their



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

counsel have interests that are contrary to or that conflict with those of the proposed Class and Seattle subclass.

4.7 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff, and members of the Class and Seattle subclass. The common issues arising from this conduct that affect Plaintiff, and members of the Class and Seattle subclass predominate over any individual issues.

4.8 Superiority. Plaintiff, and the Class and Seattle subclass members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class and Seattle subclass members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class and Seattle subclass members are readily identifiable from Defendant's records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

5.1 Plaintiff worked at Defendant's various jobsites in Washington, mostly in Seattle and neighboring cities. Her job duties included pulling wire, installing outlets, switches, lights, and call bells, helping set up panels and transformers, carrying and organizing materials, fiber security, and helping with fire alarms and low-voltage systems.

5.2 Plaintiff was typically *scheduled* to work 8-hour shifts, typically five times a week, and was only paid for 8 hours per day, usually 40 hours per week, despite often working about 30 to 60 minutes before and after her scheduled shifts. For example, and without limitation, Defendant's time records show that Plaintiff worked 40 hours during the week starting on October 15, 2023. However, due to Defendant's consistent and persistent practice of not permitting Plaintiff to report her own hours of work throughout her employment, Defendant



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

undercounted Plaintiff's hours of work. In fact, Plaintiff estimates she worked approximately 44 hours that week, for which she would have been entitled to additional wages at her regular rate and overtime at her regular rate of pay.

**Statement of Earnings and Deductions**

| Name | Employee Code | Federal Filing Status | Federal Exemptions |
|---|---|---|---|
| ANNDRIA B ANDERSON | 200035 | Single | 0 |

**Check Information**

| Check Number | Check Date | Period End Date | Hours Worked |
|---|---|---|---|
| H59076 | 10/20/2023 | 10/15/2023 | 40.00 |

**Regular Earnings**

| Description | Hours | Rate | Amount |
|---|---|---|---|
| Regular | 40.00 | 40.67 | 1,626.80 |

5.3 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked.

5.4 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked by failing to provide Plaintiff, and the Class and Seattle subclass members with pay for time spent off-the-clock before and after work her shifts, as Plaintiff often had to start work early and end work late. Plaintiff's manager or someone in HR entered hours on behalf Plaintiff and would not account for this time.

5.5 Defendant had actual or constructive knowledge of the facts set forth above.

5.6 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay the Class and Seattle subclass members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

5.7 Defendant has engaged in a common course of failing to pay overtime wages to the Class and Seattle subclass members during workweeks in which unpaid off-the-clock work extended the workweek beyond forty (40) hours.

5.8 Defendant had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.9 Unlawful Deductions and Rebates. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff, and the Class and Seattle subclass members.

5.10 Defendant has engaged in a common course of requiring Plaintiff, and the Class and Seattle subclass members to incur employer expenses that it failed to reimburse, such as using their own personal cell phones, using their own personal vehicles, having to purchase materials and supplies, and having to pay for parking.

5.11 Defendant had actual or constructive knowledge of the facts set forth above.

5.12 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members.

5.13 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members by failing to accrue paid sick leave for all hours worked by Plaintiff, and the Class and Seattle subclass members, including off-the-clock hours.

5.14 Defendant had actual or constructive knowledge of the facts set forth above.

5.15 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3), and SMC 14.020.030.

5.16 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff, and the Class and Seattle subclass members worked each day or the total hours they worked each week, specifically for work done off-the-clock.

5.17 Defendant had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VI. SUMMARY OF CLASS-WIDE FACTUAL ALLEGATIONS

6.1 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked.

6.2 Defendant has engaged in a common course of requiring Plaintiff, and the Class and Seattle subclass members to perform pre-shift and/or post-shift work off-the-clock without compensation.

6.3 Defendant had actual or constructive knowledge of the facts set forth above.

6.4 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay the Class and Seattle subclass members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

6.5 Defendant has engaged in a common course of failing to pay overtime wages to the Class and Seattle subclass members during workweeks in which unpaid off-the-clock work extended the workweek beyond forty (40) hours.

6.6 Defendant had actual or constructive knowledge of the facts set forth above.

6.7 Unlawful Deductions and Rebates. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff, and the Class and Seattle subclass members.

6.8 Defendant has engaged in a common course of requiring Plaintiff, and the Class and Seattle subclass members to incur employer expenses and failing to reimburse these expenses, such as using personal cell phones, having to purchase supplies, and incurring parking charges.

6.9 Defendant had actual or constructive knowledge of the facts set forth above.

6.10 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.11 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members by failing to accrue paid sick leave for all hours worked by Plaintiff, and the Class and Seattle subclass members, including off-the-clock hours.

6.12 Defendant had actual or constructive knowledge of the facts set forth above.

6.13 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3), and SMC 14.020.030.

6.14 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff, and the Class and Seattle subclass members worked each day or the total hours they worked each week, specifically for work done off-the-clock.

6.15 Defendant had actual or constructive knowledge of the facts set forth above.

## VII. FIRST CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)**

7.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

7.3 By the actions alleged above, such as Defendant's failure to pay off-the-clock work, Defendant has violated the provision of RCW 49.46.130.

7.4 As a result of the unlawful acts of Defendant, the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages,



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

including interest thereon, attorneys' fees and costs under RCW 49.46.090.

**VIII. SECOND CLAIM FOR RELIEF**

**(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)**

8.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

8.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

8.4 As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

**IX. THIRD CLAIM FOR RELIEF**

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

9.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

9.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff, and the Class and Seattle subclass members at their regular and normal wages.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

9.5 As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FOURTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**

10.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

10.3 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

10.4 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

10.5 By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

10.6 As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XI. FIFTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

11.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

11.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

11.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

11.5 As a result of the willful, unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XII. SIXTH CLAIM FOR RELIEF

### (Violation of SMC 14.20.020 – Failure to Pay All Compensation Owed)

12.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 SMC 14.20.020 provides that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals."



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

12.3 SMC 14.20.025 provides that each time compensation is paid, an employer shall give written notice to the employee of all hours worked and all deductions taken by the employer for that pay period.

12.4 SMC 14.20.30 provides that the employer must also retain payroll records that document all hours worked by each employee, including straight-time and overtime hours, and records of all deductions taken from the employee's wages each pay period.

12.5 SMC 14.20.045 provides that the failure of an employer to comply with any requirement imposed upon it under Chapter 14.20 ("Wage Theft Ordinance") constitutes a violation of the ordinance.

12.6 SMC 14.20.090(A) provides that "any person or class of persons that suffers financial injury as a result of a violation of [the Wage Theft Ordinance] . . . may be awarded reasonable attorney fees and costs and such legal or equitable relief as may be appropriate to remedy the violation including, without limitation, the payment of any unpaid compensation plus interest due to the person and liquidated damages in an additional amount of up to twice the unpaid compensation . . . ."

12.7 By the actions alleged above, Defendant has violated the provisions of SMC 14.20.020.

12.8 As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, an additional amount of twice the unpaid compensation, and attorneys' fees and costs under SMC 14.20.090.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class and Seattle subclass, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class and Seattle subclass;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff, and the Class and Seattle subclass members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class and Seattle subclass members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 29th day of December, 2025.

**JUSTICE LAW CORPORATION**

By: _/s/ Veronica Chavez_
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
Veronica Chavez, WSBA #64610
Email: vchavez@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On December 29, 2025, I transmitted a true copy of:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Randall Thomsen, WSBA #25310
randall.thomsen@bclplaw.com
Shane Cramer, WSBA #23162
shane.cramer@bclplaw.com
Elisabeth Read, WSBA #59762
elisabeth.read@bclplaw.com
Valerie.Macan@bclplaw.com
**Legal Staff:**
Kelly Willerdizon
kelly.willerdizon@bclplaw.com
Suzy Windes
suzy.windes@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104

**[X] By ECF**
**[X] By Electronic Mail**
**[X] By U.S. Mail**

*Attorney(s)* for Defendant Sequoyah Electric, LLC

Executed on December 29, 2025, at Pasadena, California.

/s/ *Sophia Hanneyan*
Sophia Hanneyan



**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com